**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| HAGERSTOWN RECOVERY LLC<br>DBA THE VALLEY<br>19120 Muncaster Road<br>Derwood, Maryland 20855<br><br>Plaintiff, | * | |
| v. | * | Case No.: ____________________ |
| BEACHSIDE RECOVERY LLC<br>Serve: C T Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, California 91203<br><br>and<br><br>PREMIER HEALTH GROUP LLC<br>Serve: C T Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, California 91203<br><br>Defendants. | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * *

**VERIFIED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW the Plaintiff, Hagerstown Recovery LLC DBA The Valley (hereinafter, "The Valley"), by and through undersigned counsel, Benjamin M. Kurtz, and the law firm of Kurtz, Peters and Associates LLC, and hereby files this Verified Complaint for damages and injunctive relief against the Defendants, Beachside Recovery LLC (hereinafter, "Beachside") and Premier Health Group LLC (hereinafter, "Premier"), and in support of this claim Plaintiff avers the following:

## THE PARTIES

1. Plaintiff, The Valley, is a Maryland Limited Liability Company whose members are citizens of the States of Maryland and Florida. The Valley's principal place of business is 19120 Muncaster Road, Derwood, Montgomery County, Maryland 20855.

2. Defendant, Beachside Recovery LLC, is a California Limited Liability Company, California Secretary of State Entity No. 201421210145, initially registered on July 30, 2014, whose members are citizens of the State of California. Beachside's principal address and mailing address of record are 620 Newport Center Drive, Suite 450, Newport Beach, California 92660. (See Exhibit H)

3. Defendant, Premier Health Group LLC, is a California Limited Liability Company, California Secretary of State Entity No. 201511210480, initially registered on April 16, 2015, whose members are citizens of the State of California. Premier's principal address and mailing address of record are 620 Newport Center Drive, Suite 450, Newport Beach, California 92660. (See Exhibit I)

4. Beachside and Premier share the identical principal address, the identical mailing address, and the identical registered agent for service of process, C T Corporation System. (Compare Exhibit H with Exhibit I)

5. Premier is the corporate parent of Beachside and owns Beachside. On August 31, 2026, an employee of Premier expressly and voluntarily stated to an agent of The Valley, during a recorded telephone call, that she was employed by Premier Health Group and that Premier Health Group owns Beachside Recovery.

6. Premier also owns and controls Mind and Body Sober Living LLC. Premier's own published website disclosures state that "Valley of Hope Drug Rehabilitation Center" is a fictitious business name of Mind and Body Sober Living LLC, "a subsidiary of Premier Health

Group, a California limited liability company," and that "Premier Health Group's wholly owned and fully licensed drug addiction, mental health and substance abuse treatment facilities are located in Southern California." (See Exhibits E and F)

7. At all times relevant to this Complaint, Beachside and Premier operated as a single, integrated enterprise through common ownership, common management, a common principal office, a common registered agent, and a common marketing and patient-intake apparatus. Each Defendant acted as the agent and servant of the other, within the course and scope of that agency, with the knowledge, authorization, direction, and ratification of the other. Each Defendant is therefore liable for the acts and omissions of the other alleged herein.

**SUBJECT MATTER JURISDICTION**

8. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

9. This Court has supplemental jurisdiction over The Valley's related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367, because those claims are so related to the claims within this Court's original jurisdiction that together they form part of the same case or controversy under Article III of the United States Constitution.

**PERSONAL JURISDICTION OVER THE DEFENDANTS**

10. This Court has personal jurisdiction over each Defendant pursuant to Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1), (b)(3), and (b)(4), and the exercise of that jurisdiction fully comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### *A. Defendants Transact Business Within the State of Maryland — § 6-103(b)(1)*

11. Defendants hold themselves out to the public as a business physically located within the State of Maryland. Defendants' advertisement identifies "Valley Detox Consultants" as an "Addiction treatment center," states that it is "Open 24 hours," and publishes a Maryland street address: 813 Russell Avenue, Gaithersburg, Maryland 20879. (See Exhibits C and D)

12. Defendants obtained, published, and maintain a Maryland telephone number, (240) 813-3616. The 240 area code is a Maryland area code serving Montgomery County, Maryland. That identical number appears both on Defendants' "Valley Detox Consultants" Google listing (Exhibit D) and on Premier's "Drug Rehab in Gaithersburg, MD" web page (Exhibit F).

13. Defendants built, published, and maintain a web page dedicated exclusively to the solicitation of Maryland residents, located at https://www.valleyofhopedrugrehabilitationcenter.org/gaithersburg-maryland-md/ and titled "Drug Rehab in Gaithersburg, MD." That page directs Maryland readers to "Call to Speak with an Addiction Specialist!" at the Maryland telephone number (240) 813-3616. (See Exhibit F)

14. Defendants purchase and publish advertising on Google that is geographically targeted at consumers physically located within the State of Maryland, and that advertising is in fact served to consumers searching for addiction treatment in Maryland. (See Exhibit C)

15. Defendants answer telephone calls placed from within Maryland to the Maryland telephone number they publish, and Defendants place return telephone calls into Maryland to Maryland residents.

16. Defendants solicit, obtain, and verify the commercial health insurance information of Maryland residents for the purpose of determining whether a given Maryland resident represents a financially profitable admission.

17. Defendants offer to purchase and furnish airline transportation for the express purpose of removing Maryland residents from the State of Maryland and transporting them to Defendants' California facility for paid treatment.

18. Defendants transmit SMS text messages into Maryland, to Maryland telephone numbers, soliciting Maryland residents to enroll at Beachside and offering to coordinate their intake. (See Exhibit G)

19. Each of the foregoing acts constitutes the transaction of business within the State of Maryland within the meaning of Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1), and The Valley's claims arise directly out of that transaction of business.

***B. Defendants Committed Tortious Acts Within the State of Maryland — § 6-103(b)(3)***

20. Defendants' infringing use of The Valley's federally registered mark was published within the State of Maryland, was displayed to consumers physically located within the State of Maryland, and was consummated within the State of Maryland by means of telephone calls and text messages that Defendants directed into Maryland.

21. Defendants' infringing advertisement appears on the very same Google search results page as The Valley's own listing, immediately beneath it, when a consumer searches for "The Valley." (See Exhibit C)

22. The injury to The Valley's mark, goodwill, reputation, and business occurred and continues to occur within the State of Maryland, where The Valley's facility, its patients, its referral sources, and its goodwill are located.

***C. In the Alternative — § 6-103(b)(4)***

23. To the extent any act or omission of Defendants is deemed to have occurred outside the State of Maryland, that act or omission caused tortious injury within the State of

Maryland, and Defendants regularly do and solicit business within Maryland, engage in a persistent course of conduct within Maryland, and derive substantial revenue from services rendered to persons solicited out of Maryland.

### *D. The Exercise of Jurisdiction Satisfies Due Process*

24. Defendants purposefully availed themselves of the privilege of conducting activities within the State of Maryland. Defendants did not stumble into Maryland. Defendants affirmatively (a) claimed a Montgomery County, Maryland street address at which they operate no licensed treatment facility; (b) acquired and published a Montgomery County, Maryland telephone number; (c) constructed and published a Maryland-specific landing page naming a Maryland city in its title; (d) purchased geographically targeted advertising aimed at Maryland consumers; and (e) directed telephone calls and electronic messages into Maryland for the express purpose of transacting business with a Maryland resident.

25. Defendants did not merely operate a passive website that happens to be accessible in Maryland. Defendants directed electronic activity into the State of Maryland with the manifest intent of engaging in business and other interactions within Maryland, and that activity created a cause of action cognizable in Maryland's courts.

26. Defendants' conduct was expressly aimed at the State of Maryland. Defendants knew that The Valley is a Maryland residential treatment center; Defendants targeted the goodwill The Valley has built in Maryland; Defendants represented to the public that they themselves were located in Maryland; and Defendants knew that the brunt of the resulting injury would be suffered by a Maryland business within Maryland.

27. Montgomery County, Maryland is among the most affluent counties in the United States and contains a high concentration of commercial health insurance policies that reimburse

residential addiction treatment at high rates. Defendants had a direct, substantial, and obvious financial incentive to target Maryland consumers, and did so deliberately.

28. The Valley's claims arise directly out of and relate to Defendants' Maryland contacts. The infringing publication occurred in Maryland, the attempted diversion of a Maryland consumer occurred in Maryland, and the resulting harm occurred in Maryland.

29. The exercise of personal jurisdiction over Defendants in this District is constitutionally reasonable and does not offend traditional notions of fair play and substantial justice. Defendants voluntarily reached into Maryland to solicit Maryland patients using a Maryland address and a Maryland telephone number. Having done so, they cannot claim surprise at being required to answer in Maryland for the manner in which they did it.

## VENUE

30. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to The Valley's claims occurred in this District, including the publication of the infringing advertisement to Maryland consumers, Defendants' telephone and electronic communications into Montgomery County, Maryland, and the injury to The Valley's mark and goodwill in Montgomery County, Maryland.

31. Venue is also proper pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2), as each Defendant is subject to this Court's personal jurisdiction with respect to this action.

32. Assignment to the Southern Division is appropriate under Local Rule 501.4(b) because the events giving rise to this action occurred in Montgomery County, Maryland.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS AND COUNTS

### *A. The Valley and Its Federally Registered Mark*

33. On April 1, 2021, Hagerstown Recovery LLC opened its business under the tradename The Valley. The Valley is a residential treatment center that is licensed by the State of Maryland to treat patients, in a residential setting, who suffer from drug and alcohol abuse. The Valley is located in Derwood, Montgomery County, Maryland.

34. When The Valley opened, it had twelve (12) beds on a three (3) acre campus, on which it could treat patients for up to forty-five (45) days at a time.

35. Over time, The Valley grew to a forty-eight (48) bed facility that sits on sixteen (16) acres.

36. Hagerstown Recovery LLC DBA The Valley registered its tradename with the State of Maryland, prior to opening its doors, on August 7, 2020. (See Exhibit A)

37. From the time of opening to today's date, Hagerstown Recovery LLC has continuously used the name The Valley and has built up significant goodwill in the area of drug and alcohol treatment under the name The Valley.

38. The name Hagerstown Recovery LLC has never been used outwardly to the public in marketing the treatment facility in question or on the facility's website. The facility has always been known, publicly, as The Valley from inception.

39. Hagerstown Recovery LLC also applied, in January of 2023, with the United States Patent and Trademark Office ("PTO") for two trademarks. One was for a symbol/logo that is not the subject of this lawsuit but for which a trademark was granted under registration number 7,304,172. The other trademark was for the words The Valley, and that trademark was granted under registration number 7,411,509 on June 11, 2024. (See Exhibit B)

40. Registration No. 7,411,509 is a service mark on the Principal Register for the standard characters THE VALLEY, without claim to any particular font style, size, or color, in International Class 44 for: "Addiction treatment services; Rehabilitation of drug addicted patients; Rehabilitation patient care services which includes inpatient and outpatient care; Rehabilitation for substance abuse patients." The registration recites a date of first use and first use in commerce of May 1, 2021. (See Exhibit B) The mark registered under No. 7,411,509 is referred to hereinafter as the "Valley Mark."

41. Because Registration No. 7,411,509 issued in standard characters, The Valley's rights in the Valley Mark are not limited to any particular manner of display and extend to all reasonable presentations of the words The Valley.

42. Registration No. 7,411,509 is valid and subsisting and constitutes prima facie evidence of the validity of the Valley Mark, of The Valley's ownership of the Valley Mark, and of The Valley's exclusive right to use the Valley Mark in commerce in connection with the services recited therein. 15 U.S.C. §§ 1057(b), 1115(a).

43. The Valley Mark prohibits any other company from using the words The Valley in International Class 44: Addiction treatment services; Rehabilitation of drug addicted patients; Rehabilitation patient care services which includes inpatient and outpatient care; Rehabilitation for substance abuse patients.

44. The Valley has spent significant financial resources promoting both its trademarked logo and its trademarked name, The Valley, on Google, on Facebook, on its own website, at charitable events, and in written marketing materials.

45. Hagerstown Recovery LLC has built up significant goodwill in the substance abuse community under the name The Valley. People suffering from substance abuse addiction

actively seek out The Valley in order to find treatment for their ailments. One of the reasons potential patients seek The Valley over other treatment options is the quality of care The Valley offers, which is associated with its trademark.

46. The main way customers who are looking for The Valley find The Valley is through Google search and through paid Google advertisements that The Valley posts using its trademark.

47. The Valley accepts many forms of payment for its services, but primarily health insurance covers the cost of a patient's stay at The Valley.

48. The Valley specializes in treating both indigent clients through Medicaid and wealthier clients through cash pay or private health insurance plans.

49. Under Google's terms and conditions, any addiction treatment facility wishing to use Google paid advertisements must first have its business certified through a LegitScript certification.

50. The LegitScript certification is a time consuming, lengthy, and expensive process that ensures a treatment facility is a reputable operation.

51. The Valley holds a LegitScript certification and is authorized through both Google and Facebook to advertise its website directly to potential consumers of its services.

52. The Valley bids on keywords related to addiction treatment through Google, which is permitted only because The Valley is LegitScript certified. Those advertisements lead a prospective patient to The Valley's website.

53. The Valley also bids on its own trademarked name, The Valley, in Google AdWords, so that when a member of the public searches for The Valley, The Valley's paid Google advertisement will also appear.

54. In the treatment industry it is common for people seeking residential addiction treatment to travel far from their homes to seek treatment. Predatory operators exploit that fact in order to move patients holding valuable commercial insurance policies across the country and away from their families and local support networks.

### *B. The Defendants and Their Enterprise*

55. Beachside is a residential treatment center that treats patients for drug and alcohol addiction. Beachside's treatment facility is located in Southern California.

56. Premier is Beachside's corporate parent. Premier owns Beachside and controls Beachside's marketing and patient-intake operations.

57. Premier's own published disclosures state that all of "Premier Health Group's wholly owned and fully licensed drug addiction, mental health and substance abuse treatment facilities are located in Southern California." (See Exhibits E and F)

58. Neither Beachside nor Premier operates a licensed residential addiction treatment facility within the State of Maryland. Upon information and belief, neither Defendant holds any license or certificate issued by the Maryland Department of Health, the Behavioral Health Administration, or the Office of Health Care Quality authorizing it to provide addiction treatment services at any location within Maryland, including at 813 Russell Avenue, Gaithersburg, Maryland 20879.

59. Defendants treat patients holding commercial health insurance and seek reimbursement at rates substantially in excess of what a Maryland facility receives, which is precisely why Defendants target affluent Maryland markets.

### *C. Defendants' Infringing Advertisement "Valley Detox Consultants"*

60. Defendants publish, and cause to be published, a Google advertisement and business listing under the name "Valley Detox Consultants."

61. The "Valley Detox Consultants" listing identifies itself as an "Addiction treatment center," states that it is "Open 24 hours," and publishes a physical Maryland address of 813 Russell Avenue, Gaithersburg, Maryland 20879 and a Maryland telephone number of (240) 813-3616. (See Exhibits C and D)

62. A true and accurate copy of Defendants' infringing advertisement is attached hereto and incorporated herein as Exhibit C.

63. When a consumer searches Google for "The Valley," Google returns The Valley's own listing at 19120 Muncaster Road together with, and immediately beneath, Defendants' "Valley Detox Consultants" listing. The two appear in the same results block, under the same service category, "Addiction treatment center," both marked "Open 24 hours," and both purporting to be located in Montgomery County, Maryland. (See Exhibit C)

64. The telephone number published on the "Valley Detox Consultants" listing, (240) 813-3616, is the identical telephone number published by Premier on its "Drug Rehab in Gaithersburg, MD" page at valleyofhopedrugrehabilitationcenter.org. (Compare Exhibit D with Exhibit F)

65. The valleyofhopedrugrehabilitationcenter.org website states, in its own footer disclaimer, that "Valley of Hope Drug Rehabilitation Center" is a fictitious business name of Mind and Body Sober Living LLC, a subsidiary of Premier Health Group, a California limited liability company. (See Exhibits E and F)

66. The shared telephone number establishes that the "Valley Detox Consultants" advertisement, the Gaithersburg, Maryland landing page, and Premier's California treatment enterprise are one and the same operation.

67. Defendants selected the word "Valley" because The Valley owns and uses the Valley Mark in Montgomery County, Maryland. Defendants selected a Gaithersburg, Maryland address because The Valley is located in Montgomery County, Maryland. Neither selection was a coincidence.

### *D. The August 31, 2026 Telephone Call*

68. On August 31, 2026, an agent and representative of The Valley telephoned (240) 813-3616, the telephone number published on Defendants' "Valley Detox Consultants" advertisement and left a message.

69. Approximately thirty (30) minutes later, a woman identifying herself as "Lauren" returned that call to The Valley's agent in Maryland.

70. Lauren expressly identified herself as an employee of Premier Health Group.

71. The Valley's agent advised Lauren that he needed substance abuse treatment for alcohol.

72. Lauren took The Valley's agent's health insurance information and verified his benefits.

73. Having confirmed that The Valley's agent carried commercial insurance, Lauren advised him that he qualified to go to Beachside Recovery in California.

74. Lauren stated expressly and unequivocally that she was employed by Premier Health Group and that Premier Health Group owns Beachside Recovery.

75. Lauren further stated that Beachside would provide The Valley's agent with an airline ticket so that he could travel from Maryland to California for treatment at Beachside.

76. At no point during that call did Lauren state that Defendants operate any treatment facility within the State of Maryland, notwithstanding that the very advertisement that generated the call published a Maryland street address and a Maryland telephone number.

77. The entirety of that telephone call was recorded. Lauren was advised that the call was being recorded, and she thereafter continued the conversation and continued to solicit The Valley's agent to travel to California for treatment at Beachside.

***E. The August 31, 2026 Text Messages***

78. Following that telephone call, at approximately 10:09 a.m. on August 31, 2026, Lauren transmitted a text message from (949) 514-6096 into the State of Maryland to The Valley's agent. The 949 area code serves Orange County, California, where Defendants' shared principal office is located.

79. That message stated, in substance and in part, that it was from "Lauren with Premier Health Group," and referenced the parties' conversation that morning regarding the agent's interest in treatment. (See Exhibit G)

80. Lauren then wrote that "Our Beachside facility is an inpatient, dual-diagnosis detoxification and residential treatment program," represented that the program is fully accredited by the Joint Commission, and supplied a link to Beachside's website at https://beachsidebhr.com/. (See Exhibit G)

81. Lauren closed by writing that she "would be happy to coordinate your intake or help support you in any way needed." (See Exhibit G)

82. True and accurate copies of those text messages are attached hereto and incorporated herein as Exhibit G.

83. Those text messages are a contemporaneous written admission, by an employee of Premier, that Premier and Beachside operate as one enterprise, that Premier solicits patients on Beachside's behalf, and that Premier directs those solicitations into the State of Maryland.

### *F. Why Defendants' Conduct Violates the Valley Mark*

84. The Valley Mark is federally registered for the precise services Defendants advertise and provide: addiction treatment services, rehabilitation of drug addicted patients, rehabilitation patient care services including inpatient and outpatient care, and rehabilitation for substance abuse patients, in International Class 44. (See Exhibit B)

85. The dominant and source-identifying element of Defendants' designation "Valley Detox Consultants" is the word VALLEY. The remaining words, "Detox" and "Consultants," are generic or merely descriptive of addiction treatment services and are therefore entitled to little or no weight in the likelihood-of-confusion analysis. The addition of generic or descriptive matter to a registered mark does not avoid infringement.

86. The parties' services are identical. The parties' advertising channel is identical: Google search. The parties' claimed geographic market is identical: Montgomery County, Maryland. The parties' targeted customers are identical: individuals in Montgomery County, Maryland who are seeking residential addiction treatment.

87. The relevant consumers are individuals suffering from active substance use disorder, and the family members acting on their behalf, who are frequently in acute crisis at the moment they perform the search. They are not sophisticated purchasers exercising careful

deliberation. They are among the most vulnerable consumers in any market, and their vulnerability sharply increases the likelihood of confusion.

88. When Defendants' "Valley Detox Consultants" listing appears immediately beneath The Valley's listing, in the same results block, in the same service category, in the same county, a consumer looking for The Valley would reasonably believe that "Valley Detox Consultants" is The Valley, is the detoxification arm of The Valley, is the intake line for The Valley, or is an entity affiliated with, sponsored by, or endorsed by The Valley. It is none of those things. (See Exhibit C)

89. Defendants' conduct additionally creates initial interest confusion. Even where a consumer eventually learns, during a telephone call, that "Valley Detox Consultants" is not The Valley, Defendants have by that point already captured the consumer's attention by trading on The Valley's goodwill and have already begun steering that consumer toward California. The diversion is accomplished before the confusion is dispelled.

90. Defendants' representation that "Valley Detox Consultants" is an addiction treatment center located at 813 Russell Avenue, Gaithersburg, Maryland 20879 is false. Defendants' own website states that all of Premier's treatment facilities are located in Southern California. (See Exhibits E and F)

91. That false statement of geographic origin is material. A consumer seeking residential addiction treatment cares deeply whether the facility is near his home, his family, and his support network. Defendants know that, which is precisely why they published a Maryland address at which they operate nothing.

92. Defendants' intent to trade upon the Valley Mark is established by the totality of their conduct: the selection of the word "Valley" for identical services; the publication of a false

Montgomery County, Maryland street address; the acquisition of a Montgomery County, Maryland telephone number; the construction of a "Drug Rehab in Gaithersburg, MD" landing page; and the immediate redirection of the Maryland caller to a facility in California.

93. The Valley's damages and losses were solely and proximately caused by Defendants, their agents, and their employees.

94. Defendants have profited significantly from the illegal use of the Valley Mark.

95. Defendants' conduct is continuing. The infringing advertisement remains published. Absent injunctive relief, The Valley will continue to suffer irreparable harm to the Valley Mark, to its goodwill, and to its reputation, for which there is no adequate remedy at law.

### *G. Irreparable Harm and the Need for Immediate Injunctive Relief*

96. The Valley has no adequate remedy at law. The harm Defendants are inflicting runs to the Valley Mark itself, to the association between that mark and the quality of care The Valley provides, and to The Valley's ability to control its own reputation. That harm cannot be measured in money.

97. Every day that the infringing advertisement remains published, consumers in Montgomery County, Maryland who search for The Valley are exposed to Defendants' confusingly similar designation, and some of those consumers are diverted away from The Valley.

98. The Valley cannot identify, and will never be able to identify, every prospective patient who searched for The Valley, saw "Valley Detox Consultants," telephoned Defendants instead, and was routed to California. The injury is therefore both continuing and inherently unquantifiable.

99. The Valley has lost, and continues to lose, control over the reputation and goodwill associated with the Valley Mark. Defendants' conduct places The Valley's reputation in the hands of an out-of-state operator over whose services, staffing, licensure, clinical protocols, and patient outcomes The Valley exercises no control whatsoever.

100. The harm is aggravated by the nature of the service at issue. The consumers being diverted are individuals in medical crisis. When such a consumer is misdirected, the consequence is not merely a lost sale. The consequence is the loss of local licensed care, separation from family and from the support network on which recovery depends, and, in this field, a materially increased risk of relapse and death. Any dissatisfaction or harm suffered by a diverted consumer is likely to be attributed to The Valley, whose mark drew that consumer to the advertisement in the first instance.

101. Pursuant to 15 U.S.C. § 1116(a), as amended by the Trademark Modernization Act of 2020, The Valley is entitled to a rebuttable presumption of irreparable harm upon a finding of likelihood of success on the merits for purposes of a preliminary injunction, and upon a finding of a violation for purposes of a permanent injunction.

102. Defendants' infringing advertisement remains published as of the filing of this Complaint. Defendants have not ceased. Absent an order of this Court, they will not.

103. The balance of the equities favors The Valley. The Valley seeks only to stop Defendants from using a designation they have no right to use and from advertising a Maryland treatment facility they do not operate. Defendants have no cognizable interest in continuing either practice, and an injunction would deprive them of nothing to which they are lawfully entitled.

104. The public interest strongly favors injunctive relief. The public has a paramount interest in not being deceived as to the source and location of the services it purchases. That interest is at its height where the consumers are individuals seeking treatment for substance use disorder, and where the deception concerns the identity, the licensure, and the physical location of the treatment provider.

**COUNT I — FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114 (Both Defendants)**

105. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

106. The Valley owns valid and enforceable federal Registration No. 7,411,509 for the Valley Mark in International Class 44. (See Exhibit B)

107. Defendants have used in commerce, without The Valley's consent, a reproduction, counterfeit, copy, or colorable imitation of the Valley Mark in connection with the sale, offering for sale, distribution, and advertising of addiction treatment services.

108. Defendants' use of the confusingly similar designation "Valley Detox Consultants" for identical services within The Valley's own geographic market is likely, and was intended, to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants are The Valley or are affiliated with The Valley.

109. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Valley Mark.

110. Defendants have caused and are likely to continue causing substantial injury to the public and to The Valley, and The Valley is entitled to injunctive relief and to recover

Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II — FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. § 1125(a)(1)(A) (Both Defendants)**

111. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

112. Defendants' use of the confusingly similar designation "Valley Detox Consultants" has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' treatment services are affiliated, connected, or associated with The Valley, or have the sponsorship, endorsement, or approval of The Valley, or may in fact be The Valley.

113. Defendants have made false representations, false descriptions, and false designations of origin on or in connection with their services in violation of 15 U.S.C. § 1125(a)(1)(A).

114. Defendants' activities have caused and continue to cause a likelihood of confusion and deception among members of the trade and the public and, additionally, injury to The Valley's goodwill.

115. Defendants' conduct has caused and is likely to continue causing substantial injury to the public and to The Valley. The Valley is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**COUNT III — FEDERAL FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B) (Both Defendants)**

116. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

117. In commercial advertising and promotion, Defendants made false and misleading statements of fact regarding the nature, characteristics, and geographic origin of their services, including the representation that they operate an addiction treatment center located at 813 Russell Avenue, Gaithersburg, Maryland 20879, the publication of a Montgomery County, Maryland telephone number, and the publication of a "Drug Rehab in Gaithersburg, MD" web page. (See Exhibits C, D, and F)

118. Those statements are literally false. Defendants' own published disclosure states that all of Premier's treatment facilities are located in Southern California, and upon information and belief Defendants hold no Maryland license permitting them to provide addiction treatment services at that or any other Maryland address. (See Exhibits E and F)

119. Those statements actually deceive, or have the tendency to deceive, a substantial segment of the intended audience, namely Maryland consumers seeking local residential addiction treatment.

120. The deception is material. Geographic proximity to home, family, and support network is a primary factor in the selection of a residential addiction treatment program, and Defendants know it.

121. Defendants placed those false statements into interstate commerce through Google's advertising platform and through the internet.

122. The Valley has been injured, and is likely to continue to be injured, as a direct and proximate result of those false statements, through the diversion of prospective patients, lost sales, and damage to its goodwill.

123. The Valley is entitled to injunctive relief, actual damages, Defendants' profits, enhanced and treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a)(1)(B), 1116, and 1117.

**COUNT IV — COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (Both Defendants)**

124. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

125. On information and belief, Defendants acted with full knowledge of The Valley's use of, and statutory and common law rights in, the Valley Mark, and without regard to the likelihood of confusion of the public created by Defendants' activities.

126. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Valley Mark, to the great and irreparable injury of The Valley.

127. As a result of Defendants' acts, The Valley has been damaged in an amount not yet determined or ascertainable. At a minimum, The Valley is entitled to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the Valley Mark, and the need to deter Defendants from engaging in similar conduct in the future, The Valley additionally is entitled to punitive damages.

**COUNT V — MARYLAND COMMON LAW TRADEMARK INFRINGEMENT (Both Defendants)**

128. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

129. The Valley has used the mark The Valley in addiction treatment commerce continuously since it opened its doors in 2021, and registered the tradename The Valley with the State of Maryland on August 7, 2020. (See Exhibit A)

130. On information and belief, Defendants acted with full knowledge of The Valley's use of, and statutory and common law rights in, the Valley Mark, and without regard to the likelihood of confusion of the public created by Defendants' activities.

131. Defendants purposely, intentionally, willfully, and with malicious intent used a confusingly similar mark to advertise their own addiction treatment center within the borders of the State of Maryland, and compounded that conduct by falsely representing to the Maryland public that they maintain a treatment center in Gaithersburg, Maryland.

132. As a result of Defendants' acts, The Valley has been damaged in an amount not yet determined or ascertainable. At a minimum, The Valley is entitled to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the Valley Mark, and the need to deter Defendants from engaging in similar conduct in the future, The Valley additionally is entitled to punitive damages.

**COUNT VI — VICARIOUS AND CONTRIBUTORY TRADEMARK INFRINGEMENT (Premier Health Group LLC)**

133. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

134. Premier owns and controls Beachside, and Beachside operates as Premier's instrumentality and agent.

135. Premier's own employees market Beachside, solicit patients for Beachside, verify insurance benefits for Beachside, offer to arrange air travel to Beachside, and coordinate intake at Beachside. Premier's employee did each of those things on August 31, 2026 with respect to a Maryland resident. (See Exhibit G)

136. Premier had and exercised the right and ability to supervise and control the infringing conduct, and had a direct financial interest in that conduct.

137. Premier intentionally induced, materially contributed to, and knowingly facilitated the infringing use of the Valley Mark, and continued to supply the marketing, telephony, and patient-intake infrastructure through which the infringement was accomplished with knowledge of the infringement.

138. Premier is therefore liable for the infringement alleged in Counts I through V directly, vicariously, and contributorily.

## COUNT VII — PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF 15 U.S.C. § 1116; Fed. R. Civ. P. 65 (Both Defendants)

139. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further.

140. The Valley is likely to succeed on the merits of Counts I through VI. The Valley owns a valid federal registration for the Valley Mark; Defendants use a confusingly similar designation for identical services in The Valley's own market; and Defendants' own published disclosures establish that their claimed Maryland location is false.

141. The Valley will suffer irreparable harm in the absence of preliminary and permanent injunctive relief, for the reasons set forth above, and The Valley is entitled to a rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a).

142. The balance of the equities tips decidedly in The Valley's favor. An injunction would require Defendants only to stop doing what they have no lawful right to do.

143. An injunction is in the public interest, because the public interest lies in preventing consumer deception, and most acutely so where the deceived consumers are individuals seeking addiction treatment.

144. Pursuant to 15 U.S.C. § 1116(a) and Federal Rule of Civil Procedure 65, The Valley requests that this Court preliminarily enjoin Defendants during the pendency of this action, and permanently enjoin Defendants upon final judgment, in the manner set forth in the Prayer for Relief below.

145. The Valley will move separately, and requests that the Court hear that motion on an expedited basis, for a preliminary injunction.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff Hagerstown Recovery LLC DBA The Valley respectfully requests that this Honorable Court:

A. Preliminarily enjoin Defendants during the pendency of this action, and permanently enjoin Defendants upon final judgment, together with their officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, and all persons in active concert or participation with them who receive actual notice of the order, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, from: (a) using the words "The Valley," "Valley," or any other designation confusingly similar to the Valley Mark, in connection with the advertising,

promotion, marketing, offering, or provision of addiction treatment services; (b) bidding on, purchasing, or otherwise procuring "The Valley," "Valley," or any confusingly similar term as a search-engine keyword or advertising trigger in connection with addiction treatment services; and (c) representing, directly or by implication, that Defendants operate, maintain, or are affiliated with any addiction treatment facility located within the State of Maryland;

B. Set an expedited hearing on The Valley's forthcoming motion for a preliminary injunction;

C. Order Defendants to remove, and to cause to be removed, the "Valley Detox Consultants" advertisement and business listing, the Maryland street address of 813 Russell Avenue, Gaithersburg, Maryland 20879, and the "Drug Rehab in Gaithersburg, MD" web page, from Google and from every other advertising platform, directory, and website within Defendants' possession, custody, or control;

D. Order Defendants to file with the Court and serve upon The Valley, within thirty (30) days after entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with that injunction, pursuant to 15 U.S.C. § 1116(a);

E. Order that all advertisements, listings, web pages, marketing materials, and other matter in Defendants' possession, custody, or control bearing the infringing designation be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

F. Compel Defendants to account to The Valley for any and all profits derived by Defendants from the use of the infringing designation, including by accounting for all patients who have attended their programs from the State of Maryland and the immediate surrounding area (DMV), to be determined by a jury;

G. Award The Valley all damages caused by the acts forming the basis of this Complaint, to be determined by a jury;

H. Treble the damages awarded and enhance the award of Defendants' profits as provided by 15 U.S.C. § 1117(a), based on Defendants' knowing and intentional use of the Valley Mark;

I. Award The Valley the costs and reasonable attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a), this being an exceptional case;

J. Award The Valley the costs of corrective advertising necessary to repair the damage done to the Valley Mark;

K. Award The Valley punitive damages on its state and common law claims, based on Defendants' willful and deliberate infringement and to deter such conduct in the future;

L. Award The Valley prejudgment and post-judgment interest on all monetary awards; and

M. Grant The Valley such other and further relief as the Court may deem just.

Dated: September 3, 2026

Respectfully submitted,

**KURTZ, PETERS & ASSOCIATES LLC**

By: /s/ Benjamin M. Kurtz

Benjamin M. Kurtz, Esquire
Maryland Federal Bar No. 20602
350 Camino Gardens Blvd., Suite 300
Boca Raton, Florida 33432
Tel: (301) 685-3911
Fax: (301) 685-3674
bkurtz@kurtzandpeters.com

*Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff, by and through undersigned counsel, respectfully demands a jury trial on all issues and causes of action contained herein.

/s/ Benjamin M. Kurtz
________________________________
Benjamin M. Kurtz, Esquire

**VERIFICATION**

I, Brett Goldenberg, declare as follows:

1. I am the Executive Director of Hagerstown Recovery LLC DBA The Valley ("The Valley"), the Plaintiff in this action. I am over the age of eighteen, am competent to testify to the matters stated herein, and am authorized to make this Verification on behalf of The Valley.

2. I have read the foregoing Verified Complaint and know the contents thereof. The factual allegations set forth therein are true and correct based upon my personal knowledge, my review of the business records of The Valley maintained in the ordinary course of its business, and my review of the exhibits attached to the Verified Complaint. As to those matters alleged upon information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3 day of September, 2026.

DocuSigned by:
Brett Goldenberg 9/3/2026
97E40C1E4B414AC...

Brett Goldenberg
Executive Director
Hagerstown Recovery LLC DBA The Valley

## INDEX OF EXHIBITS

**Exhibit A** Maryland State Department of Assessments and Taxation Trade Name Application, "The Valley" (T00490129), filed August 7, 2020, owner Hagerstown Recovery LLC.

**Exhibit B** United States Patent and Trademark Office Certificate of Registration No. 7,411,509, THE VALLEY, Service Mark, Principal Register, International Class 44, registered June 11, 2024.

**Exhibit C** Google search results displaying Defendants' "Valley Detox Consultants" advertisement alongside and immediately beneath Plaintiff's "The Valley" listing, captured August 31, 2026.

**Exhibit D** Google business listing detail for "Valley Detox Consultants," showing 813 Russell Ave, Gaithersburg, MD 20879 and telephone (240) 813-3616.

**Exhibit E** valleyofhopedrugrehabilitationcenter.org home page, including the footer disclaimer identifying Mind and Body Sober Living LLC as a subsidiary of Premier Health Group and stating that all Premier facilities are located in Southern California.

**Exhibit F** valleyofhopedrugrehabilitationcenter.org/gaithersburg-maryland-md/, "Drug Rehab in Gaithersburg, MD," showing telephone (240) 813-3616 and the Premier Health Group disclaimer, captured August 31, 2026.

**Exhibit G** Text messages transmitted from (949) 514-6096 to Plaintiff's agent on August 31, 2026.

**Exhibit H** California Secretary of State business record, Beachside Recovery LLC (Entity No. 201421210145).

**Exhibit I** California Secretary of State business record, Premier Health Group LLC (Entity No. 201511210480).